[Cite as *State v. Ziemba*, 2020-Ohio-171.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

VALERIE ZIEMBA

    Appellant

C.A. No.    29400

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2018-05-1654

DECISION AND JOURNAL ENTRY

Dated: January 22, 2020

CARR, Judge.

{¶1} Appellant, Valerie Ziemba, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} On May 25, 2018, Ziemba was indicted on one count of nonsupport of dependents, a felony of the fourth degree. The charge related to Ziemba's youngest daughter, K.Z. The indictment specified that Ziemba had failed to make support payments from May 1, 2017, through April 30, 2018. Ziemba pleaded not guilty to the charge at arraignment and the matter proceeded to a jury trial. The trial court instructed the jury on the statutory affirmative defense that Ziemba was unable to meet her support obligation but provided such support as was within her ability and means.

{¶3} The jury found Ziemba guilty of the sole count in the indictment. The trial court imposed an 18-month prison sentence that was suspended upon the condition that Ziemba

successfully complete a two-year term of community control that included a number of sanctions.

{¶4} On appeal, Ziemba raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

THERE WAS SUFFICIENT CREDIBLE EVIDENCE TO ESTABLISH THE AFFIRMATIVE DEFENSE SET FORTH IN [R.C. 2919.21] BY A PREPONDERANCE OF THE EVIDENCE THEREFORE THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶5} In her sole assignment of error, Ziemba contends that her conviction was against the manifest weight of the evidence because she established the statutory affirmative defense set forth in R.C. 2919.21(D). This Court disagrees.

{¶6} When a defendant raises a manifest weight challenge, "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). An appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Id.*

{¶7} R.C. 2901.05(A) states:

Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof for all elements of the offense is upon the prosecution. The burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, * * * is upon the accused.

{¶8} Ziemba was convicted of one count of nonsupport of dependents in violation of R.C. 2919.21(A)(2)/(B). R.C. 2919.21(A)(2) states that "[n]o person shall abandon, or fail to

provide adequate support to[] * * * [t]he person's child who is under the age of eighteen[.]" Former R.C. 2919.21(B) stated that "[n]o person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support." "If the offender previously has been convicted of or pleaded guilty to a felony violation of this section, a violation of division (A)(2) or (B) of this section is a felony of the fourth degree." R.C. 2919.21(G)(1).

{¶9} The statute further provides that "[i]t is an affirmative defense to a charge of failure to provide adequate support under division (A) of this section or a charge of failure to provide support established by a court order under division (B) of this section that the accused was unable to provide adequate support or the established support but did provide the support that was within the accused's ability and means." R.C. 2919.21(D).

{¶10} The State presented evidence that Ziemba and Father had four children together prior to divorcing in 2004. While all of the children were minors at the time of the divorce, the children were 24, 21, 19, and 16 years old, respectively, at the time of trial in this matter. Ziemba had a prior felony conviction for nonsupport of dependents in 2014.

{¶11} A case manager for the Summit County Child Support Enforcement Agency ("CSEA") testified as to the child support payment history between Ziemba and Father. In 2007, the Summit County Court of Common Pleas, Domestic Relations Division issued an order requiring Ziemba to pay a total of $975.98 per month in child support to Father. In November 2010, the child support order was modified to $158.07 per month per child, plus $37.06 per month per child for cash medical expenses. Thereafter, when all but one of the children had become emancipated, the child support order was modified to $195.13 per month.

{¶12} Ziemba has consistently missed child support payments since the issuance of the first child support order in 2007. The State presented an audit by CSEA that showed that Ziemba owed a total of $95,081.46. The couple's youngest daughter, K.Z., was a minor who lived with Father from May 2017 through April 2018, the timeframe specified in the indictment in this case. Father testified that Ziemba did not make any child support payments during that time period. Both the CSEA case manager as well as a CSEA child support specialist verified that Ziemba failed to make child support payments during that 52-week period. While Ziemba had at one time presented a doctor's note to CSEA relating to her inability to gain employment, no such medical reprieve was in place from May 2017 to April 2018. An investigator for the Summit County Prosecutor's Officer testified that Ziemba earned a master's degree in healthcare management from the University of Akron in 2016 and that she is also working toward a degree in "food service supply chain."

{¶13} Ziemba testified in her own defense and offered a number of reasons as to why she could not make her support payments. Ziemba worked as a nurse from 1991 until 2011. At the time of trial, Ziemba's nursing license was no longer active. Ziemba explained that her license was suspended at one point due to a felony conviction and she was unable to afford a "refresher course" that was required to reactivate her license. Ziemba further indicated that she spent seven years providing full-time care for a friend but she was not compensated for her work due to the fact that she was not adept at dealing with insurance companies and administrative agencies.

{¶14} Ziemba testified that she has battled a number of health issues in recent years, including chronic knee pain, hip dysplasia, very serious food allergies, and anxiety issues that have led to panic attacks. Ziemba suggested that she is taking medication pursuant to a pain

management plan that prohibits her from returning to nursing. Ziemba testified that she partnered with a friend to start a catering business. Ziemba insisted that any profits of the business are "put aside for the taxes and for the other things that are coming due[.]" When asked if she made enough money to provide for the needs of herself and her business, Ziemba responded, "Not very well. But it is doable." Furthermore, Ziemba acknowledged that she has obtained an MBA in healthcare management in the time since she last worked as a nurse.

{¶15} On appeal, Ziemba maintains that she established the affirmative defense set forth in R.C. 2919.21(D). This Court has stated that "to succeed in the affirmative defense, the accused must prove, by a preponderance of the evidence that: (1) [s]he is unable to provide adequate or the court-ordered support; and (2) [s]he did provide such support as was within h[er] ability and means." *State v. Roders*, 9th Dist. Summit No. 20962, 2002-Ohio-3867, ¶ 16. Ziemba contends that her inability to meet her support obligation resulted from a combination of health issues and an inability to otherwise maintain employment. Ziemba further argues that she provided such support as was within her ability while furthering her education and starting a business.

{¶16} Ziemba's manifest weight challenge is without merit. The uncontroverted evidence showed that Ziemba made no child support payments during the period specified in the indictment from May 2017 through April 2018. While Ziemba points to her testimony regarding health issues and professional setbacks in support of her claim that she proved the affirmative defense set forth in R.C. 2919.21(D), the weight of the evidence does not support that position. Ziemba acknowledged that she was able to obtain an advanced degree in healthcare management while dealing with her health issues. CSEA was not aware of any "medical excuses" that covered the period from May 2017 to April 2018. Moreover, the evidence presented at trial showed that

Ziemba works at a catering business that she opened with her friend. Ziemba is a partner in the business. Ziemba testified that she was able to provide for the needs of herself and her business, though it was difficult. Nevertheless, Ziemba admitted that she never made a payment toward her child support obligations. *See State v. Wiley*, 8th Dist. Cuyahoga No. 99576, 2014-Ohio-27, ¶ 47 (noting that R.C. 2919.21(D) is inapplicable under circumstances where no child support payments were made). Under these circumstances, we cannot say that this is the exceptional case where the trier of fact clearly lost its way in concluding that Ziemba failed to establish the affirmative defense set forth in R.C. 2919.21(D).

{¶17} Ziemba's assignment of error is overruled.

III.

{¶18} Ziemba's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

STACY L. MCGOWAN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO GUEST, Assistant Prosecuting Attorney, for Appellee.